IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO ANGELO BAGLIERI, <br><br>Plaintiff, <br><br>v. <br><br>MERCEDES-BENZ USA, LLC, <br><br>Defendant. | Case No. 24-cv-00520-MMC <br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; VACATING HEARING** |

Before the Court is defendant Mercedes-Benz USA, LLC's ("MBUSA") "Motion to Compel Binding Arbitration," filed July 29, 2024, as amended July 30, 2024. Plaintiff Ernesto Angelo Baglieri ("Baglieri") has filed opposition, to which MBUSA has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for September 20, 2024, and rules as follows.

## BACKGROUND

In his Complaint, Baglieri alleges that he leased a 2023 Mercedes-Benz GLC43 (see Complaint ¶ 9),[1] that the vehicle "manifested defects covered by [MBUSA's] express written warranties" (see Compl. ¶ 12), that MBUSA and its "authorized service and repair facilities" were unable to repair the vehicle (see Compl. ¶¶ 13-14), and that MBUSA "failed to promptly replace [the] [v]ehicle or make restitution to [Baglieri]" (see Compl. ¶ 15). Based on such allegations, Baglieri asserts two state law claims under the Song-

---

[1] Although the Complaint does not identify the lessor, the parties agree it was Autobahn Motors in Belmont, California. (See Ameripour Decl. Ex. 2; Plata Decl. Ex. A.)

Beverly Act.

## DISCUSSION

By the instant motion, MBUSA contends Baglieri's claims are subject to arbitration under the Federal Arbitration Act ("FAA").

The FAA provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

See 9 U.S.C. § 3.  Under the FAA, a district court's role is to determine "if a valid arbitration agreement exists," and, "if so, whether the agreement encompasses the dispute at issue."  See Davis v. Nordstrom, Inc., 755 F.3d 1089, 1092 (9th Cir. 2014).

Here, MBUSA relies on an arbitration provision contained in the Motor Vehicle Lease Agreement ("Agreement") between Baglieri and Autobahn Motors.  In relevant part, the arbitration provision reads as follows:

> Any claim or dispute, whether in contract, tort or otherwise (including any dispute over the interpretation, scope, or validity of this lease, arbitration section or the arbitrability of any issue), between you and us or any of our employees, agents, successors, assigns, or the vehicle distributor, including Mercedes-Benz USA LLC (each a "Third Party Beneficiary"), which arises out of or relates to a credit application, this lease, or any resulting transaction or relationship arising out of this lease (including any such relationship with third parties who do not sign this contract), shall, at the election of either you, us, or a Third Party Beneficiary, be resolved by a neutral, binding arbitration and not by a court action.

(See Ameripour Decl. Ex. 2 at 4.)

In resolving a motion to compel, a district court first determines whether the parties have "agreed" to "arbitrate their disagreements."  See Davis, 755 F.3d at 1093.  Under California law,[2] the party seeking to compel arbitration bears the "burden of proving the

---

[2] For purposes of the FAA, in determining whether an agreement to arbitrate exists, courts "apply ordinary state law principles that govern contract formation." See id. at 1094.

2

1  existence of an agreement to arbitrate by a preponderance of the evidence." See Norcia
2  v. Samsung Telecomm. Am., LLC, 845 F.3d 1279, 1283 (9th Cir. 2017) (internal
3  quotation and citation omitted).
4      Here, MBUSA has submitted a copy of the Agreement, which document is signed
5  by Baglieri and by a representative of the lessor, but not, as Baglieri observes, by
6  MBUSA.  As noted, however, MBUSA is expressly identified in the arbitration provision
7  as a "Third Party Beneficiary," and was expressly given the right in the Agreement to
8  elect to have disputes between Baglieri and MBUSA heard before an arbitrator.
9      Although "[t]he general rule is that only a party to an arbitration agreement may
10 enforce it," an "exception" exists for a "third party beneficiary."  See Ronay Family Ltd.
11 Partnership v. Tweed, 216 Cal. App. 4th 830, 684-85.  Where a defendant establishes
12 that the plaintiff entered into an agreement with another, and said agreement includes a
13 provision requiring the plaintiff to arbitrate disputes it has with the defendant, the
14 defendant meets its "affirmative burden" to show the existence of a contract mandating
15 arbitration of disputes between the plaintiff and defendant.  See Cione v. Foresters Equity
16 Services, Inc., 58 Cal. App. 4th 625, 635-37 (1997) (finding defendant employer met
17 burden to show plaintiff entered into agreement to arbitrate disputes with employer,
18 where plaintiff signed agreement with third party industry association, under which he
19 agreed to arbitrate claims with his employer, which was identified by name); Ford Motor
20 Warranty Cases, 89 Cal. App. 5th 1324, 1339 (2023) (observing that, if signatories to
21 vehicle sales contract intend arbitration provision therein to benefit manufacturer, they
22 can "simply name[ ] [the manufacturer] – directly or by class as the vehicle's
23 manufacturer – as a person entitled to compel arbitration").
24     Here, as noted, Baglieri agreed to arbitrate disputes he had with MBUSA, at least
25 insofar as they fall within the scope of the arbitration provision, and, accordingly, the
26 Court finds MBUSA has met its burden to show the existence of an agreement to
27 arbitrate.
28 //

Baglieri next argues that the claims he raises do not fall within the scope of the arbitration clause.  Although courts are generally tasked with the "gateway" issues of arbitrability, including "whether an arbitration clause . . . applies to a given controversy," the parties may agree to delegate such questions to an arbitrator.  See Momot v. Mastro, 652 F.3d 982, 987 (9th Cir. 2011).  Before submitting the question of arbitrability to the arbitrator, however, a court must find "clear and unmistakable evidence" of the parties' intent to delegate, such as "an express agreement to do so."  See id. at 987 (internal quotation and citation omitted).

Here, the Agreement includes a provision stating "any dispute over the . . . arbitration section or the arbitrability of any issue" shall, at the election of a signatory to the Agreement or of a Third Party Beneficiary such as MBUSA, "be resolved by a neutral, binding arbitration and not by a court action."  (See Ameripour Decl. Ex. 2 at 4.)  The Court finds such language "constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement."  See Momot, 652 F.3d at 988 (internal quotation and citation omitted).[3]

Accordingly, MBUSA's motion will be granted.

## CONCLUSION

For the reasons stated, MBUSA's motion to compel arbitration is hereby GRANTED, and the instant action is hereby STAYED pending completion of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: August 27, 2024

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of such ruling, the Court does not address herein Baglieri's arguments as to the scope of the arbitration provision.

4